WILBUR G. HALLAUER *v.* UNITED STATES

**No. 8045.**—Entered at Oroville, Wash.
Entry No. 146–R, etc.

First Division, Appellate Term

(Decided August 30, 1951)

*Lawrence, Tuttle & Harper* (*Charles J. Evans, Frank L. Lawrence*, and *George R. Tuttle* of counsel) for the appellant.

*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster* and *Richard F. Weeks*, special attorneys), for the appellee.

Before OLIVER, COLE, and MOLLISON, Judges

COLE, Judge: We are required in this proceeding to review the decision of Ekwall, J., 24 Cust. Ct. 568, Reap. Dec. 7804, relating to Jonathan and Red Delicious apples, described on the invoices either as "Grade C" or "Combination fancy and extra fancy," grown in this country and shipped to Canada for alterations, and ultimately returned in their improved condition, entry being made at the port of Oroville, Wash. Entry and appraisement were made of the "Grade C" at prices ranging from $1.50 to $2 per box, and of the "Combination fancy and extra fancy" at $2.50 to $3.75 per box.

There is no dispute concerning the unit values found by the appraiser, the parties being in agreement that such values represent foreign value, section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), and that export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), is no higher.

The issue concerns the work done in Canada, the sole question being which, if any, of the items, hereinafter set forth, constitute alterations made in the country of exportation.

Appraisement proceedings in this court arose through action by the collector, who evidently anticipated application of paragraph 1615 (g) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1615 (g)), reading:

Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph.

See *United States* v. *Gruen Watch Co.*, 23 C. C. P. A. 183, T. D. 48029.

The record is made up exclusively of stipulated facts which disclose that American-grown apples, "orchard run" variety, and covered more or less with an orchard spray residue, were loaded in boxes containing approximately 35 pounds each, and shipped by truck to Canada where they were wiped to remove the insecticide spray residue therefrom and then packed in boxes of Canadian origin, after which they were returned to the United States.

The detailed operation in Canada required the apples to be dumped at the wiping machine and passed between a series of revolving brushes and revolving rollers with rags on them, that removed the spray residue and also polished the apples, in which condition they were passed, with no additional handling, to the grading machine, which was simply a conveyor or an endless belt that passed between female inspectors standing on both sides thereof, who picked out the culls and various grades of apples. The grades were separated,

mechanically, according to size and diverted to large containers from which the packers placed the apples in tissue wrappers and packed them into boxes of 42-pound capacity, in which they were removed to the warehouse where the pack of each grower was stored separately. American labels sent to Canada for the purpose were placed on the boxes.

The entered and appraised unit values of the shipments before the court are the prices on the dates of exportation herein, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of Canada in the usual wholesale quantities, in the ordinary course of trade, including the cost of all containers and coverings and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States.

The costs which accrued in Canada are as follows (exhibit 1):

| | | Per 800 boxes of 42 lbs. each (Canandian $) | Per box of 42 lbs. each (Canandian $) |
|---|---|---|---|
| (1) | Wiping | 1. 60 | 0. 002 |
| (2) | Transfer of fruit from boxes to wiping machines | 2. 40 | . 003 |
| (3) | Sorting after completion of wiping | 72. 00 | . 09 |
| (4) | (a) Canadian liners and pads_____20. | 56. 00 | . 025 |
| | (b) American wrappers_____36. | | . 045 |
| (5) | Wrapping and packing in boxes for shipment | 210. 80 | . 2635 |
| (6) | Canadian packing boxes | 233. 20 | . 2915 |
| (7) | Labels (of U. S. origin) | 4. 00 | . 005 |
| (8) | Miscellaneous expenses | 20. 00 | . 025 |
| | | 600. 00 | . 75 |

The amounts enumerated in the foregoing tabulation were not charged extra in the home market or for export, over and above the freely offered price per bushel or per box of the apples after processing and wrapping. American wrappers and labels, items 4 (b) and 7, respectively, were returned to the United States. "Wrapping and packing in boxes * * *," item 5, covers cost of labor for shipment to points in Canada or to the United States, the same charges being applicable to the home market and the export market. Canadian boxes, item 6, were the usual containers of apples.

The trial judge in a clear and well-reasoned opinion found the unit of value to be "a 42-pound box of apples," and held that all of the above-listed items, except item 8, constituted "the value of the alterations made in Canada, noting that the items of American wrappers and of labels of United States origin, presumably would be conditionally nondutiable under paragraph 1615 (h)" of the Tariff Act of 1930.

The trial court's conclusion with respect to said item 8 is accepted, and therefore it is not a matter for consideration.

Appellant-importer claims that the alterations in Canada consisted only of transferring the apples to wiping machine and wiping them (items 1 and 2, *supra*), such contention being based on the premise that the articles before the court are "apples" and not "baskets of apples," as claimed by appellee and as held by the trial judge.

Appellant's position cannot be accepted. The undisputed facts are that the exportation consisted of boxes (approximately 35-pound capacity) of orchard-run apples, and that the unit appraised values, embracing all the elements of statutory foreign value, are the prices of a 42-pound box of apples. Those facts are sufficient to say that a box of apples is the article of trade upon which the question of value presented herein must be determined.

In this case, the unit of merchandise or the article of trade is a 42-pound box of wiped, polished, graded, wrapped, and packed apples, whose selling price in the home market included the cost of containers, packing, and other expenses, such as grading, wiping, etc., incident to making the article available as a merchantable commodity. Such conversion of the American exportation of boxes of apples into the imported unit of trade is regarded by us, as it was by the trial judge, as "alterations" made in Canada, the costs thereof being represented by items 1 to 7, inclusive, *supra*, as held by the lower court.

Appellee argues that no justiciable question is presented herein, claiming that the question of alterations is a matter "for the collector upon liquidation" and that "It is no part of the appraiser's function to determine that issue." We find no support in our research of the law for such position. On the contrary, there seems to be ample authority in the statute, itself, for the procedure followed in this case under the circumstances disclosed.

The law, paragraph 1615 (g), *supra*, requires that returned American articles, previously exported for alterations, shall pay duty upon the value of the alterations, and under the *Gruen Watch Co.* case, *supra*, it is the duty of the appraiser to ascertain that value, to be used by the collector as a basis for assessment of duty. In this case, the appraiser failed to find a value for the alterations and, reappraisement proceedings having been instituted, this court must determine the value, 28 U. S. C., 1946 ed., Supp. III, § 2631.

For the reasons hereinabove set forth we find as matter of fact:

(1) That the articles in question are boxes of apples, the net weight per box being 42 pounds.

(2) That the unit values as entered and appraised are the prices on the dates of exportation herein at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of Canada, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and

expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and that there was no higher export value.

(3) That included in said unit values are the following items representing value of alterations to returned American merchandise:

|  | Per box of 42 lbs. each (Canadian $) |
|---|---|
| Wiping | 0. 002 |
| Transfer of fruit from boxes to wiping machines | . 003 |
| Sorting after completion of wiping | . 09 |
| Canadian liners and pads | . 025 |
| Wrapping and packing in boxes for shipment | . 2635 |
| Canadian packing boxes | . 2915 |

Also included in the said unit values are the following items:

|  | Per box of 42 lbs. each (Canadian $) |
|---|---|
| American wrappers | 0. 045 |
| Labels of U. S. origin | . 005 |

Accordingly, we conclude as matter of law:

(1) That the proper basis for appraisement of the merchandise in question is foreign value, section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)).

(2) That included in such foreign values are items of alterations to returned American goods, the values for such items being set forth in finding of fact (3).

The judgment of the trial court is affirmed.

Judgment will be rendered accordingly.